UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTINA LEAL,

        Plaintiff,

  v.

        Case No. 19-cv-1356-pp

ANDREW M. SAUL,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is employed, she is not married, and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists wages and salary of $850 per month and $15 per month in food stamps. Id. at 2. Against this income, the plaintiff lists expenses of $1,075 per month ($665 rent, $315

household expenses, $95 insurance). Id. at 2-3. The plaintiff owns a 2003 Chevy Blazer worth approximately $400, she does not own a home, she has no cash on hand or in a checking/savings account, and she owns no other property of value. Id. at 3-4. Although the court is perplexed as to how the plaintiff can pay out approximately $210 more per month than she makes, it is clear that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The complaint indicates that the plaintiff was denied benefits and that the Commissioner's conclusions and findings when denying those benefits are not supported by substantial evidence and/or are contrary to Social Security regulation and law. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 18th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**